IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cr-30020 |
| | ) | |
| ERIC LOOMIS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Eric Loomis' Amended Motion for Compassionate Release (d/e 36) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

On May 24, 2008, Defendant Eric Loomis pled guilty to Count 1 of the Indictment for knowingly and intentionally possessing with intent to distribute 500 grams or more of a substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On October 5, 2018, Defendant was sentenced to 144 months of imprisonment and a 5-year term of supervised release. Defendant

is currently serving his sentence at USP Lompoc, and he has a projected release date of July 5, 2028.

On June 4, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See d/e 34. On June 9, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed. See d/e 36. Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic. Defendant also argues that he has met the 30-day statutory exhaustion requirement found in 18 U.S.C. § 3582(c)(1)(A) because he submitted a request to the warden of his BOP facility on May 26, 2020. Regardless, Defendant argues that the Court should waive the prerequisites for defendant filing such a motion as he is at risk for serious and imminent harm.

On June 12, 2020, the Government filed a response opposing Defendant's motion. See d/e 37. The Government argues that the Court lacks the authority to grant Defendant's motion because Defendant has not exhausted his administrative rights with the Bureau of Prisons (BOP) or waited 30 days from the time a request to BOP regarding a motion for compassionate release was made.

The Government also argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic. That does not mean the Court will waive the exhaustion requirements in all cases. The decision must be made on a case-by-case basis.

In this case, Defendant argues that he submitted a request to the warden of USP Lompoc on May 26, 2020. See Motions, d/e 34, 36. However, the Government disputes this as USP Lompoc alleges

it has no record of receiving said request.  See Response, d/e 37.  It is possible that the request may have been lost or BOP has simply not reviewed the request due to the constraints and limitations created by the pandemic.  Regardless, the Court excuses Defendant Loomis' failure to exhaust his administrative remedies or meet the 30 days requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Social distancing can be difficult for individuals living or working in a prison.

Defendant is a 45-year-old male who has hypertension and has been treated for cancer in the past.  His cancer is in remission, and there is no evidence that he is undergoing cancer treatment at this time.  The CDC currently does not list a person whose cancer is

in remission as being at high risk for severe illness or death from COVID-19.  Additionally, the CDC states that people with hypertension "might be at an increased risk for serve illness from COVID-19," which is different than the CDC's list of conditions for which individuals "**are at increased risk** of severe illness from COVID-19."  See People of Any Age with Underlying Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed July 8, 2020)(explaining that "COVID-19 is a new disease. Currently there are limited data and information about the impact of underlying medical conditions and whether they increase the risk for severe illness from COVID-19.").  There is no other evidence that Defendant faces an increased risk of severe illness or death from COVID-19.

      The COVID-19 pandemic does not warrant the release of every federal prisoner with medical concerns.  While the Court is very sympathetic to Defendant's medical conditions and his fight with cancer, he has not shown that he would be at a higher risk at USP Lompoc than he would be if released.  As of July 8, 2020, there are 7 inmates and no staff members with active confirmed cases of

COVID-19 at USP Lompoc.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed July 8, 2020).  USP Lompoc has 1,526 total inmates.  See USP Lompoc, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/lom/ (last accessed July 8, 2020).

The county to which Defendant is requesting to be released has seen a spike in COVID-19 cases.  See Coronavirus, Riverside County Public Health, https://rivcoph.org/coronavirus (last accessed July 8, 2020).  From June 30 to July 7, 2020, Riverside County has seen 66 new deaths from COVID-19, with 20 deaths occurring on July 7.  Id.  As of today, there are 21,101 confirmed positive COVID-19 cases in Riverside County and 518 people are hospitalized, which includes 130 in the ICU.  Id.

The Court considers that Defendant Loomis is currently serving a 144-month term of imprisonment for possession with intent to distribute 500 grams or more of a substance containing methamphetamine.  Defendant Loomis has only served a little more than 2 years of his 12-year term.  The Court finds, after reconsideration of the factors in § 3553(a), that Defendant is not

entitled to compassionate release.

The Court, taking all the relevant facts into account, finds that Defendant has not established the existence of extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Loomis' pro se motion for compassionate release (d/e 34) and amended motion for compassionate release (d/e 36) are DENIED.  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.  The Clerk is DIRECTED to send a copy of this Opinion to USP Lompoc.

ENTER:  July 8, 2020.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE